# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.1
### Eastern Division

UNITED STATES OF AMERICA

                        Plaintiff,

v.                                               Case No.: 1:03−cr−00516
                                               Honorable Virginia M. Kendall

, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 9, 2019:

      MINUTE entry before the Honorable Virginia M. Kendall as to Willie Diggs. Status hearing held on 7/9/2019. Defendant's Motion for Reduction First Step Act [185] is granted. The Court grants Diggs's motion because he is eligible for−−and also deserved−−relief under the FSA. This order concerns the Court's eligiblity determination, which it based on five main reasons. First, as a textual matter, the FSA repeatedly refers directly to federal statutes and their modified penalties, &qu;ot;making clear that eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct." United States v. Rose, 379 F. Supp. 3d 223, 2019 WL 2314479, at *3 (S.D.N.Y. 2019) (engaging in a thorough textualist analysis) (internal citation omitted). Second, the purpose of the FSA is to remedy "the unfairness created by the crack−to−powder cocaine ratio, and the statute[ ] should be construed in favor of broader coverage." Id. (internal citation omitted). Third, interpreting the FSA to refer to offense conduct, as the Government does, premises the availability of a sentence reduction on unindicted facts never considered by the grand jury. See United States v. Martin, No. 03−CR−795 (ERK), 2019 WL 2571148, at *2 (E.D.N.Y. June 20, 2019) (internal citations omitted). In the federal criminal justice system, it is the jury−−not the judge−−that almost always finds the facts that will ultimately increase the penalty for a crime by law. See id.; United States v. Stallworth, No. 1:08CR00024−036, 2019 WL 2912845, at *4 (W.D. Va. July 8, 2019). Fourth, even if the statute's use of the term "violation" is ambiguous, the rule of lenity resolves this motion in Diggs's favor. See Martin, 2019 Wl 2571148 at *2; see also Rose, 2019 WL 2314479 at *4 (explaining why "defendants had less reason to contest Government assertions that they were responsible for quantities of crack cocaine above the 50−gram threshold" in the past). Fifth, reading the FSA to mean offense conduct would require district courts to speculate by delving into the particulars of the record to determine how the defendant committed the offense and how that would have hypothetically affected the charges under the new statutory scheme. See United States v. Pierre, 372 F. Supp. 3d 17, 22 (D.R.I. 2019); see also Martin, 2019 WL 2571148 at *3 (refusing to foreclose relief for those defendants whose drug quantities are at the margins). Courts should generally refrain from speculating and hypothesizing in such a manner. In short, when Congress wrote the phrase "violation of a Federal criminal statute," it meant the "violation [for which the defendant was charged and pleaded guilty]," not "[the defendant's specific] violation of a Federal criminal statute [as

supported by the underlying record]". Pierre, 372 F. Supp. 3d at 21. That makes particularly good sense after considering the government's reading would limit eligibility for relief to the narrow class of defendants "found responsible for distributing more than 50 grams but less than 280 grams of crack cocaine." Rose, 2019 WIL 2314479 at *4. Congress instead intended to give a certain class of defendants (those sentenced under a statute for which the penalties changed) an opportunity for a second chance. See Pierre, 372 F. Supp. 3d at 2223. Courts thus have the discretion to decide whether a specific defendant is entitled to that second chance "given several factors, including the underlying drug quantity." Id. at 23. Lastly, and somewhat separately, the FSA does not preclude relief for those, like Diggs, that previously received the benefit of a Guidelines Amendment because the two mitigate different problems in different ways. Courts remain free, of course, to take previous benefits into account when discerning whether a sentence reduction is appropriate in a particular case. For these reasons, in addition to those orally given, the Court joins the super−majority of other district courts to conclude that the statute of conviction, not the defendant's actual conduct, controls eligibility under the FSA. The Court accordingly grants Diggs's motion for FSA relief and reduces his sentence to include a term of imprisonment of 185 months. Amended Judgment to follow. Mailed notice (lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.